UNITED STATES COURT OF APPEALS

FOR THE

SECOND CIRCUIT

---

MARK THOMAS DUBLINO,

          PLAINTIFF - APPELLANT                ORDER

          v.                                 DOCKET No.: 22-198

SGT. JUSTIN BIEGAJ, SGT. ROBERT DEE,

DEP. BRIAN THOMPSON, DEP. FRANK GELSTER,

SGT. CROSS, SGT. ROBINSON, DEP. SHAWN WILSON,

DEP. P. GIARDINA,

          DEFENDANTS - APPELLEES,

---

BRIEF FOR PLAINTIFF-APPELLANT

---

                              MARK THOMAS DUBLINO,   DIN 18-B-0793

                              WENDE CORRECTIONAL FACILITY

                              3040 WENDE ROAD

                              ALDEN, NEW YORK    14004

TO: DEPARTMENT OF LAW, ERIE COUNTY

      ERIN MOLISANI, esq.

      COUNSEL FOR DEFENDANTS

      95 FRANKLIN STREET,  ROOM 1634

      BUFFALO, NEW YORK   14202

<u>TABLE OF CONTENTS</u>

                                                    PAGE

TABLE OF AUTHORITIES                                 ii

PRELIMINARY STATEMENT                                1

QUE STIONS PRESENTED                                 1

STATEMENT OF CASE                                    1 - 3

ATTACHMENTS PROVIDED

ARGUMENTS

POINT   I.   "DUE PROCESS VIOLATIONS"                3

POINT   II.  "MEDICAL ATTENTION                      3

POINT   III. "EXCESSIVE FORCE"                       4

POINT   IV   "EXHAUSTION OF ADMINISTRATIVE REMEDIES"  4

CONCLUSION                                           4 - 5

PRINTING SPECIFICATIONS   "PRESTIGE PICA 10

TABLE OF AUTHORITIES

| CASES | PAGE(s) |
|---|---|
| § 1983  ACTION | 1 ; 4 |
| PRISON LITIGATION ACT £ (PLRA) | 1 ; 4 |
| CONSTITUTIONAL VIOLATIONS 14th & 8th AMEND. | 1 ; 4 |
| WOLF  v. McDONNELL: 418 US 539;94 S CT 2963;41 L 3D 2D 935 | 2 |
| JONES v. WESTCHESTER SGT. ODDES et. al.188 FSUPP 3D 134(2016) | 3 |
| CONSTANT v. PRACK: 16-CV-0398 | 3 |
| FABRICIO v. ANNUCCI: 790 FED APPX 308 (2019) | 3 |
| CIVIL RIGHTS OF INSTITUTIONAL ACT § 7(a) | 4 |
| 42  USCA § 1997 e(a) | 4 |
| ROSS v. BLAKE: 136 S CT 1850 | 4 |
| 7 NYCRR 254 5 (a) | 4 |
| BENJAMIN v. FRASER: 343 F 3d 35 49 (2d CIR 2003 | 5 |
| CAIOZZO v. KOREMAN: 581 F 3d 63 72 (2d CIR 2009) | 5 |
| CANO: 118 F SUPP 3d @ 72 | 5 |
| WALKER:717 F 3d @ 125 | 5 |
| FARMER v. BRENNAN: 511 US 825 836-37; 114 S CT 1870; 128 L ED 2D 811 (1994) | 5 |

PRELIMINARY STATEMENT

THIS IS AN APPEAL TO THE WESTERN DISTRICT FOR THE UNITED STATES DISTRICT COURT, BY JUDGE LARIMER, AND HIS DECISION TO DISMISS THE EXCESSIVE FORCE CLAIM BROUGHT BY THE PLAINTIFF UNDER § 1983, WHERE A PRISONER NEED NOT EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO BRINGING SUIT UNDER PLRA (PRISON LITIGATION REFORM ACT OF 1995, § 101(a), 42 U.S.CA. § 1997 e(a), IF EXHAUSTION REMEDIES ARE NOT AVAILABLE. AS DISCUSSED BELOW SUBSTANTIAL EVIDENCE BELOW WAS PROVIDED TO SUPPORT THIS PROCEDURAL ARGUMENT, ALONG WITH THE SUBSTANTIAL EVIDENCE IN REGARDS TO THE EXCESSIVE FORCE CLAIM MADE BY OFFICERS AT THE ERIE COUNTY HOLDING CENTER OF NEW YORK STATE, IN ERIE COUNTY. ON MARCH 9th 2018 THROUGH MARCH 23rd 2018, ACCORDINGLY, THE DETERMINATION SHOULD BE REVERSED AND THE CLAIM REINSTATED.

QUESTIONS PRESENTED

1) WHETHER THE DISCIPLINARY REPORT MADE AGAINST THE PLAINTIFF WAS PROPERLY ADDRESSED WITH THE PLAINTIFF, ADVISING THE PLAINTIFF OF HIS RIGHTS WITH REGARDS TO THE DISCIPLINARY REPORT, AND BY PROVIDING THE PLAINTIFF A COPY OF THE DISCIPLINARY CHARGES FILED AGAINST HIM.

2) WHETHER THE PLAINTIFF'S PROCEDURAL ARGUMENTS ARE WITHOUT MERIT OR PRESERVED FOR JUDICIAL REVIEW.

3) WHETHER THE EXCESSIVE FORCE CLAIMS MADE AGAINST THE OFFICERS SURVIVE THE COURTS GUIDELINES FOR A CLAIM UNDER § 1983, FOR CONSTITUTIONAL VIOLATIONS UNDER THE 14th AND 8th AMENDMENTS.

STATEMENT OF THE CASE

THE PLAINTIFF WAS HELD IN CUSTODY AT THE ERIE COUNTY HOLDING CENTER AT 40 DELAWARE AVENUE, BUFFALO, NEW YORK 14202, FROM JUNE 7th 2016 THROUGH MARCH 23rd 2018, THE DATE, TIME OF THE ALLEGED INCIDENT WAS ON MARCH 9th 2018, AT THE ERIE COUNTY HOLDING CENTER, ON THE DISCIPLINARY REPORT MADE BY CLARK STALTZ, DEPUTY OF THE SHERIFF'S OFFICE - JAIL MANAGEMENT DIVISION.

✱  . SEE: (EX A-1)

PG, # ONE

IN THIS ALLEGED DISCIPLINARY REPORT; THE PLAINTIFF WAS NEVER ADVISED OF THE RIGHTS WITH REGARD TO THE DISCIPLINARY PROCESS; IN THE SECTION OF THE REPORT "INMATES RECEIPT" A COPY WAS NEVER PRESENTED A COPY OF THE DISCIPLINARY CHARGES FILED AGAINST THE PLAINTIFF; PROOF OF THIS IS REFLECTED IN THAT NO INMATE SIGNATURE WAS MADE BY PLAINTIFF OR A REFUSAL MADE BY PLAINTIFF TO SIGN RECEIPT AND A WITNESS SIGNATURE TO CONFIRM THE REFUSAL. IS IN ITSELF A "DUE PROCESS VIOLATION" SEE: WOLF v. McDONNELL: 418 US 539; 94 S.CT. 2963; 41 L.3d 2d 935 (&) CORRECTION LAW 137 (5) "NO INCARCERATED INDIVIDUAL IN THE CARE OR CUSTODY OF THE DEPARTMENT SHALL BE SUB- JECTED TO AN OFFICER WHO INFLICTS ANY BLOWS WHATEVER UPON ANY INCARCERATED INDI- VIDUALS UNLESS IN SELF DEFENSE; OR TO SUPRESS A REVOLT OR INSURRECTION."

* SEE:[(EX B - (1)(2)(3)] SICK CALL REQUESTs MADE BY PLAINTIFF ON THE FOLLOWING DATES AND TIMES: MARCH 10th 2018 @ 10:20pm; MARCH 11th 2018 @ 11:30 am; AND ON MARCH 11th 2018 @ 11:40 pm; EACH REQUEST REPORT EXPLAINED IN DETAIL THE REASON FOR THE REQUEST; WHEN THE PLAINTIFF RECEIVED VARIOUS INJURIES FROM STAFF OFFICERS AND A SERVICE DOG. NOTE: THE PLAINTIFF NEVER RECEIVED INDEPENDANT MEDICAL ATTENTION OR EVALUATIONS REGARDING THE DOG BITE TO HIS HAND; YET WAS PLACED IN SEGREGATED CELLS WHERE SURVEILLANCE CAMERAs ARE PRESENT FOR TRANSPARENCY ON ANY ALLEGED INCIDENTS INVOLVING INMATES. NOTE: THESE VIDEO AND/OR AUDIO RECORDINGS WERE NEVER PRESERVED OR SAVED; BY THE ERIE COUNTY HOLDING CENTER.

* SEE: (EX C - 1) DIRECT EXAMINATION BY DISTRICT ATTORNEYs JAMES MARRA AND NICHOLAS BUSSI (PRESENT IN THE COURTROOM WAS ERIN MOLISANI esq. COUNSEL FOR THIS PROCEEDING) ON APRIL 1st 2021; DEPUTY BRIAN THOMPSON THE FIRST ARRIVING OFFICER TESTIFIED THAT WHEN HE FIRST ARRIVED (TT - PG 6 ; LINES 3-25) THAT THE PLAINTIFF WAS STANDING BEHIND THE TABLE WITH HIS BACK FACING THE INMATE ACCESS DOOR; WHO LOOKED CALM AND NOTHING STOOD OUT; THAT WHEN THE DOOR OPENED DEPUTY THOMPSON GRABBED THE PLAINTIFFs SHIRT AND GAVE ORDERS TO SIT FIRST AND THEN TO LAY FACE DOWN; ON BOTH ORDERS THE PLAINTIFF COMPLIED WITH DEPUTY THOMPSONs INSTRUCTIONS WITHOUT RESISTENCE. NOTE: THE VIDEO SURVEILLANCE DEPICTS THIS CLEARLY AND THE PLAINTIFF STIPULATES THAT ERIN MOLISANI PROVIDE THIS COURT A HARD COPY OF THE VIDEO.

PG. TWO

\*        SEE: (EX. D - 1) CROSS EXAMINATION BY ROBERT CUTTING, DEFENSE COUNSEL

ON APRIL 1st 2021, TO WITNESS DEPUTY BRIAN THOMPSON, (PRESENT IN THE COURTROOM

WAS ERIN MOLISANI, COUNSEL FOR THIS PROCEEDING) (TT - PGS. 35-37 & 39) AGAIN

CONFIRMED THAT THE PLAINTIFF DID COMPLY WITH THE DIRECT ORDERS OF DEPUTY BRIAN

THOMPSON (WHERE UPON A VIDEO RECORDING WAS PLAYED DURING THE ALLEGED INCIDENT.

\*        SEE: (EX. E - 1-4) REFERRING TO PHOTOS #146, 107, 254, 916; WHICH DEPICTS

BRIAN THOMPSON AND SEVERAL OFFICERS NAMED IN THE LAW SUIT, ALONG WITH OTHERS

WHICH WERE NOT MENTIONED, DUE TO THE PLAINTIFF NOT BEING PRESENTED THIS EVIDENCE

UNTIL JUNE 2020, THE PHOTOS REVEAL THE TIME THE PLAINTIFF WAS FACE DOWN ON THE

FLOOR IN A PRONE POSITION, HELPLESS, DEFENSELESS AND WITHOUT RESISTING FOR A

PERIOD OF A MINUTE AND FIFTEEN SECONDS; WITH NUMEROUS OFFICERS ON TOP OF THE

PLAINTIFF USING EXCESSIVE FORCE, SEE: UNITED STATES DISTRICT COURT, (JONES V.

WESTCHESTER COUNTY SGT. ODDES ET. AL. 182 F.SUPP 3d 134 SEPT. 30 2016; AND

CONSTANT v. PRACK 16-CV-03985; FABRICIO v. ANNUCCI 790-FED. APPX. 308 NOV. 6th

2019       ₡

\*        SEE: (EX. F - 1-6) TWO PHOTOS @ 12:27pm. OF THE HALL CORRIDOR DEPICTING THE

PLAINTIFFS SNEAKER, LEGAL PAPERWORK AND BROKEN READING GLASSES; ONE PHOTO OF

THE ATTORNEY ROOM # 3 DEPICTING THE WINDOW @ 12:27PM ; TWO PHOTOS OF THE SIDE

VIEW OF THE PLAINTIFFS FACE @ 11:37pm ; AND ONE PHOTO OF THE PLAINTIFFS HANDS

@ 11:39am DEPICTING CUFF (HANDCUFFS) MARKS AROUND THE WRIST AND AROUND THE KNUCKELS.

## ARGUMENT ONE

\*        THE PLAINTIFF WAS NOT AFFORDED DUE PROCESS ON THE DISCIPLINARY REPORT,

AND WHEN HE WAS MOVED INTO SEGREGATED HOUSING HE WAS NOT AFFORDED HIS LEGAL

WORK; HIS ONLY PAIR OF READING GLASSES; PEN AND PAPER TO WRITE A GRIEVANCE

TO THE EXCESSIVE FORCE USED AGAINST HIM. THE GRIEVANCE PROCEEDURES WERE NOT

AVAILABLE FOR THIS ALLEGED INCIDENT.

## ARGUMENT TWO

\*        THE PLAINTIFF WAS NOT AFFORDED DUE PROCESS FOR MEDICAL ATTENTION AT AN

INDEPENDENT HOSPITAL LOCATION FOR THE INJURIES HE SUFFERED FROM THE EXCESSIVE

FORCE

PG. THREE

ARGUMENT THREE

THE PLAINTIFF WAS NOT AFFORDED DUE PROCESS WHEN THE PLAINTIFF FOLLOWED ALL
DIRECT ORDERS FROM ALL OFFICERS; FROM THE ATTORNEYs ROOM # 3 TO THE CORRIDOR
THROUGH THE SALLY PORTS; TO THE OUTER CORRIDORS AND ELEVATOR LEADING TO THE
INFIRMERY AND THEN TO THE SEGREGATION UNITS; ONLY TO HAVE OFFICERS USE DELIBERATE
EXCESSIVE FORCE TACTICS AGAINST A DEFENSELESS AND COOPERATING PLAINTIFF WAS
AGAINST THE CARE; CUSTODY AND CONTROL OF THE STAFF OFFICERS; EMPLOYEED BY THE
SHERIFFs DEPARTMENT OF ERIE COUNTY. NOTE: THE LACK OF SURVEILLANCE CAMERAs
THAT ARE PROPERELY POSITIONED; PREVENTS THE TRUE AND ACCURATE DETAILS OF THE
INCIDENT.

AARGUMENT FOUR

THE PLAINTIFF WAS NOT AFFORDED DUE PROCESS TO EXHAUST ADMINISTRATIVE REMEDIES
WHEN THE PLAINTIFF WAS PLACED IN ADMISTRATIVE SEGREGATION AND WAS NOT EVEN GIVEN
THE OPPORTUNITY TO BE HEARD DURING A DISCIPLINARY HEARING; TO PRESENT A DEFENSE
AND TO CALL WITNESSES WAS A CONSTITUTIONAL VIOLATION AS A PRE-TRIAL DETAINEE WHO
WAS NOT SENTENCED.

CONCLUSION

THE PRISON LITIGATION REFORM ACT (PLRA) IS DESIGNED TO CORRECT AN INSTITUTIONAL
ISSUE AND THAT ALL PERSONS HELD IN CUSTODY BE AFFORDED AN AVENUE TO BE HEARD; FOR
USCA CONST. AMEND 8 & 14; 42 USCA § 1983; CIVIL RIGHTS OF INSTITUTIONAL PERSONS ACT
§ 7(a) AS AMENDED; 42 USCA § 1997 e(a). IN THIS CASE EXHAUSTION REMEDIES WERE NOT
AVAILABLE SEE: ROSS v. BLAKE 136 S!!CT.1 850 ;  THE PLAINTIFF DID NOT RECEIVE AN
INTERNAL DISCIPLINARY HEARING OR EVEN RECEIVED THE REPORT WITH THE ALLEGATIONS
AND CHARGES PERTAINING TO THE ALLEGED INCIDENT; ADDITIONALLY AN INMATES RIGHT TO
CALL WITNESSES AT SUCH HEARING IS GOVERNED BY 7 NYCRR 254!!5(a); WHICH PROVIDES

     !! THE INMATE MAY CALL WITNESSES" "IF PERMISSION TO CALL WITNESSES IS
     DENIED; THE HEARING OFFICER SHALL GIVE THE INMATE A WRITTEN STATEMENT
     STATING THE REASONS FOR THE DENIAL; INCLUDING THE SPECIFIC THREAT TO
     THE INSTITUTIONAL SAFETY OR HOUSING GOALS PRESENTED."

A PRETRIAL DETAINEEs CLAIMS OF UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT ARE GOVERNED BY THE "DUE PROCESS CLAUSE OF THE 14th AMENDMENT; RATHER THAN THE CRUEL AND UNUSUAL PUNISHMENTS CLAUSE OF THE 8th AMENDMENT; SEE: BENJAMIN v. FRASER: 343 F 3d 35 49 (2d CIR 2003) RELYING ON CAIOZZO v. KOREMAN: 581 F 3d 63 71 (2d CIR 2009) THE DISTRICT COURT CONCLUDED THAT THE ELEMENTS FOR ESTABLISHING ANY DELIBERATE INDIFFERENCE UNDER THE 14th AMEND. WERE THE SAME AS UNDER THE 8th AMEND CANO: 119 F.SUPP 3d @ 72 (CITING CAIOZZO: 581 F 3d @ 72) PLAINTIFF WAS REQUIRED TO PROVE (1) OBJECTIVELY; THE DEPRIVATION SUFFERED WAS SUFFICIENTLY SERIOUS THAT HE WAS DENIED THE MINIMAL CIVILIZED MEASURE OF LIFEs NECESSITIES AND (2)SUBJECTIVELY THE PLAINTIFF WAS BY THE DEFENDANT OFFICIAL ACTED WITH DELIBERATE INDIFFERENCE SUFFICIENTLY CULPABLE STATE OF MIND; SUCH AS TO HEALTH AND SAFETY id @ 73(QUOTING WALKER: = 717 F 3d @ 125); THE SUPREME COURT HAS INSTRUCTED THAT "DELIBERATE INDIFFERENCE" ROUGHLY MEANS "RECKLESSNESS" BUT "RECKLESSNESS" CAN BE DEFINED SUBJECTIVELY (WHAT A PERSON ACTUALLY KNEW AND DISREGARDED) OR OBJECTIVELY (WHAT A REASONABLE PERSON KNEW OR SHOULD HAVE KNOWN) SEE: FARMER v. BRENNAN: 511 US 825 836-37; 114 S CT 1970; 128 L. ED 2D 811 (1994) IN THIS CASE THE PLAINTIFF SUFFICIENTLY EXPLAINED AND PRESENTED SOLID EVIDENCE AND WITH THE STIPPULATION THAT THE DEFENDANTs COUNSEL PROVIDE THE ONLY VIDEO COPIES FOR THIS COURTS REVIEW TO REVERSE THE LOWER COURTS DECISION ON THIS MATTER.

DATED: OCTOBER 21st 2022

      ERIE COUNTY NEW YORK

RESPECTFULLY SUBMITTED

MARK DUBLINO   DIN 18-B-0793

WENDE CORRECTIONAL FACILITY
3040 WENDE ROAD
ALDEN; NEW YORK 14004

PG. FIVE

A - 1

## ERIE COUNTY SHERIFF'S OFFICE – JAIL MANAGEMENT DIVISION
## DISCIPLINARY REPORT

| Inmate Name | ICN# | H.U. # | Date of Report |
|---|---|---|---|
| DUBLINO, MARK | 147472 | ENE 58 | 3-9-18 |
| **Location of Offense** | **Date/Time of Offense** | **Incident #** | **Reporting Officer** |
| ATTORNEY VISIT ROOM #3 | 3-9-18  1020 | | Clark SAITZ |

| CHARGE# | OFFENSE | CLASS |
|---|---|---|
| 101-2 A | ASSAULT | A |
| 106  A | DISORDERLY CONDUCT | A |
| 106  B | DISORDERLY CONDUCT | B |
| 107 | DISRUPTING FACILITY OPERATIONS | A |

### NARRATIVE

On March 9, 2018 at approx 1020 I was working the Visit Control booth when I hear a disturbance from Room 3. I did witness Dublino assault attorney Terronova with his fists. Dublino struck him several times causing injury to face. Dublinos actions did disrupt normal operations to respond to this assault.

Under penalty of perjury, I attest that the above Statements are true to the best of my knowledge and belief.

Signature of reporting officer   1082   3-9-18
Badge #   Date

### Inmate's Receipt

I have been advised of my rights with regard to the disciplinary process and have been provided with a written copy of the disciplinary charges filed against me.

_____   _____
Inmate's signature   Date

☐ Inmate refused to sign receipt

_____
Witness signature

### Waiver

I understand that I am entitled to a minimum of 24 hours to prepare a defense, prior to any disciplinary proceeding. I voluntarily waive that right and request that my hearing be held at the next scheduled meeting of the Disciplinary Committee

_____   _____
Inmate's Signature   Date

### SUPERVISOR'S REVIEW

This report meets the standards for disciplinary reports as established by the Jail Management Division of the Erie County Sheriff's Office.
☑ Forward to the Disciplinary Committee

_____   3-9-18
Signature of Reviewing Supervisor   Date

### NOTIFICATION OF INMATE'S RIGHTS

◊ You will be given an opportunity to be heard in your own behalf.
◊ You will be provided with a minimum of 24 hours in which you may prepare a defense and present it to the Disciplinary Committee. You may submit a written statement, which will be maintained as part of the record. You may request that witnesses be called to testify, or to submit written statements on your behalf.
◊ You will receive written notice of the decision of the Disciplinary Committee.
◊ You may appeal the decision of the Disciplinary Committee, in writing within 2 business days, to the Chief of Operations.
◊ If you refuse to attend your Disciplinary Hearing, the hearing will be held without you being present. Your refusal to attend may result in the forfeiture of your right to appeal the Committee's decision. (Watson V. Coughlin 517 N.Y.S.2d 620 [A.D. 1987]

ECHC 18(11/01)

Erie County Department of Health (ECDOH)        Division of Public & Correctional Health

# SICK CALL REQUEST

**INMATE SECTION: (Inmate to complete this section only)**
*Preso seccion:*        (El preso,(La presa) a completer esta seccion)

**Last name:** Dublino        **First name:** Mark        **ICN:** 147472
*Apellido*                *Primer Nombre*                *Preso No. Correccional*

**D.O.B.:** 12/6/63    **Sex:** ☐M    ☐F    **Location:** River East # 35
*Fecha de nacimiento*  *Sexo Hombre*  *Mujer*  *Ubicacion*

**Date of Request:** 3/10/18    **Time of Request:** 10:20 pm (hrs)
*Fecha de solicitud*            *Tiempo de solicitud*

**Reason for Request:** On 3/9/18 An Incident Took Place In The Lower
*Razon de solicitud* Visit Area Corridor, I Did Not Resist And Followed All
Orders From The Deputies/Sergeants. I was Instructed To Go To The
Ground, I Did. I was Then Mauled By 10-15 Deputies And A Dog.
I was Attacked, Punched, Stepped On, Kicked and Bitten. For
A Time My Breathing was Obstructed, On the way to Medical Unit
Refused Treatment. Deputies To Unlatch Me, They Applied The By Bending
My Wrists Backwards Into The Metal Cuffs. This was Denied By
Another Medical Staff. An Nurse They Vital Signs Evaluation
Unassessed, I said I Have Injuries to my Back And Lower And in
with Ribs. This Facility Is Refusing Me Medical Attention At A
Independent Hospital. They said I'm Dyeing And I Am Note. My
Injuries Prevent Me From Moving About And Standing or Sitting
(without Pain)

**TRIAGE SECTION:  Triaged By:** _____

Disposition:

*Date/Time Received*

☐ Immediate Evaluation

☐ Sick Call        (Priority    ☐ 1    ☐ 2    ☐ 3 )

☐ Dental Referral

☐ RN Assessment (face to face)

☐ Referral to Forensics/Mental Health

☐ No Provider Visit Necessary (Needs comment)

_____
_____
_____
_____
_____
_____
_____
_____
_____

**COMPLETION:  Date:** ____/____/____    **Time:** _____ (hrs)

Print Name: _____    Signature: _____

B - 2

Erie County Department of Health (ECDOH)　　　　Division of Public & Correctional Health

# SICK CALL REQUEST

**INMATE SECTION: (Inmate to complete this section only)**
*Preso seccion:*　　*(El preso,(La presa) a completer esta seccion)*

**Last name:** _Durocco_　　　**First name:** _Mark_　　　**ICN:** _____
*Apellido*　　　　　*Primer Nombre*　　　　　*Preso No. Correccional*

**D.O.B.:** _12/06/__　**Sex:** ☒M　☐F　**Location:** _Gulf Cast F 23_
*Fecha de nacimiento*　*Sexo Hombre　Mujer*　*Ubicacion*

**Date of Request:** _3/11/18_　**Time of Request:** _11:30 AM_ (hrs)
*Fecha de solicitud*　　　*Tiempo de solicitud*

**Reason for Request:** _I am not receiving medical attention. You are failing to_
*Razon de solicitud*　_provide the care needed at this facility. My left leg_
_was all twisted round back first and was not held since the fall_
_from bed on 3/8/18. I am and have been requesting a visit to an_
_independent hospital for evaluation and proper records to be on file_
_regarding the incident on 3/8/18 when I was mauled by my corrections_
_and a dog. It was completely non-resistant and passive at all times. I was_
_pushed up twisted, stomped on kicked and bitten by a dog. I have injuries_
_to my back neck head ribs hands and arms etc... also a wound to_
_by stomping my knee backwards inward my feet onto the floor of_
_Co Robinson and was done again in front of medical staff. when I get_
_released I guarantee I will sue this. Along with I will achieving efforts_
_to manage my injuries, and today's heart palpitations. I need an_

**TRIAGE SECTION:** Triaged By: _____

Disposition:　　　　　　　　　　　　　　　　　　_independent_
　　　　　　　　　　　　　　　　　　　　　　　_hospital_
*Date/Time*　☐ Immediate Evaluation　　　　　　　_evaluation._
*Received*　☐ Sick Call　(Priority ☐ 1　☐ 2　☐ 3 )　_thank you_
　　☐ Dental Referral
　　☐ RN Assessment (face to face)
　　☐ Referral to Forensics/Mental Health
　　☐ No Provider Visit Necessary (Needs comment)

_____
_____
_____
_____
_____
_____
_____
_____

**COMPLETION:** Date: ____/____/____　Time: _____ (hrs)

Print Name: _____　Signature: _____

Page 1 of 1　　　　　　　　　　Form CH-19 Sick Call Request Form (Rev. 05/07/12)

Erie County Department of Health (ECDOH)          Division of Public & Correctional Health

# SICK CALL REQUEST

**INMATE SECTION: (Inmate to complete this section only)**
*Preso seccion:*     (El preso,(La presa) a completer esta seccion)

**Last name:** MARK DUBLINO     **First name:** MARK     **ICN:** 147472
*Apellido*                              *Primer Nombre*                         *Preso No. Correccional*

**D.O.B.:** 12,6,63   **Sex:** ☒M  ☐F  **Location:** GULF EAST #33
*Fecha de nacimiento*   *Sexo Hombre  Mujer*   *Ubicacion*

**Date of Request:** 3,11,18  **Time of Request:** 11:45 PM (hrs)
*Fecha de solicitud*              *Tiempo de solicitud*

**Reason for Request:** THIS WAS MY THIRD REQUEST REGARDING MEDICAL TREATMENT
*Razon de solicitud* AND EVALUATION. I WAS MAULED/ATTACKED BY 10-15
OFFICERS AND A DOG. IN THE VISITING CORRIDOR (LAWYERS) I DID NOT
RESIST. I FOLLOWED ALL ORDERS. I WAS TASERED, STEPPED ON, KICKED
AND BITTEN DURING THE INCIDENT. I WAS LAYING ON MY STOMACH,
DURING THIS I WAS UNABLE TO BREATH DUE TO THE PRESSURE
APPLIED TO MY BACK AREA. WHEN I WAS CUFFED I WAS THREATENED
AND ABOUT ENTERING THE MEDICAL AREA. SGT. ROBINSON INSTRUCTED
THE DEPUTIES TO WRENCH MY WRISTS BENDING BACKWARD DID CUFFS.
THIS WAS REPEATED IN FRONT NURSES. I'VE BEEN DENIED AN INDEPENDENT
EXAMINATION BY AN INDEPENDENT HOSPITAL FOR INJURIES. TO MY BACK,
RIBS, NECK, FACE, HEAD, HANDS/WRIST, & LEGS. I HAVE BEEN SUPPRESSED ON
THESE REQUESTS AND I'M NOT ABLE TO CONTACT. MY FAMILY BY PHONE OR LETTER

## TRIAGE SECTION: Triaged By: _____

Disposition:

*Date/Time Received*

☐ Immediate Evaluation
☐ Sick Call     (Priority  ☐ 1  ☐ 2  ☐ 3 )
☐ Dental Referral
☐ RN Assessment (face to face)
☐ Referral to Forensics/Mental Health
☐ No Provider Visit Necessary (Needs comment)

ON 3/13/18 NURSE
MS. LUPI MET WITH
MR & SAID X-RAY'S
WERE FOLLOWED
ON 3/12/18 BUT
WERE NEVER DONE

_____
_____
_____
_____
_____
_____
_____

**COMPLETION:  Date:** ____/____/____  **Time:** _____ (hrs)

Print Name: _____  Signature: _____
Page 1 of 1                                      Form CH-19 Sick Call Request Form (Rev. 05/07/12)

DIRECT EXAMINATION - BRIAN THOMPSON

1   up.  He made a comment to me that he had been assaulted by

2   Mr. Dublino and he wanted to press charges.

3       Q.   When you say by the back left end, was it behind the

4   table in the room?

5       A.   Yes.

6       Q.   And Mr. Dublino was --

7       A.   He had his back facing the inmate access door, the

8   door they open up to come out.

9       Q.   How would you describe Mr. Dublino's position, was he

10  standing, or sitting?

11      A.   He was standing.

12      Q.   Did you make any observations about his appearance?

13      A.   He looked calm.  He looked calm.  I didn't see

14  anything.  I didn't -- nothing stood out.

15      Q.   Did he look to have any bruising or swelling to his

16  face?

17      A.   No.

18      Q.   Any marking to his face or body?

19      A.   No.

20      Q.   And did you then remove either one of those

21  individuals from the room?

22      A.   I did.  With my right hand I grabbed Mr. Dublino by

23  his shirt and pulled him out, gave him an order to sit down,

24  which he complied.  I gave him a second order to lay face down,

25  which he complied.  I placed my hand on his back to hold him in

CROSS EXAMINATION - BRIAN THOMPSON

1  A.   Correct.

2  Q.   Were you yelling at Mr. Dublino and giving him loud

3  yelled orders as to what it was you wanted him to do? ·

4  A.   I did, yes.

5  Q.   Did you say, and I'm quoting, what the fuck are you

6  doing?

7  A.   I don't recall saying that, no.

8  Q.   Did you yell at Mr. Dublino in telling him to get on

9  the, quote, unquote, fucking floor?   ·

10  A.   I don't recall saying that either.

11  Q.   Okay.  So you've extracted him from the room.  What

12  direction did you give him?

13  A.   I know I gave him an order to sit down, again, which

14  he complied with.  And then I gave him another order to lay

15  face down, and he complied with that.

16  Q.   And where we are at on this frame at ten twenty-two

17  forty a.m., Mr. Dublino is depicted in that photo at that point

18  in time standing up, correct?

19  A.   Correct.

20  Q.   What are you doing at that time?  What, if anything,

21  are you doing?

22  A.   I'm giving him an order to sit down.

23       MR. CUTTING:  If you could fast -- well, play it

24       slowly forward, Mr. Bussi.

25       (Whereupon, a video recording was then played.)

CROSS EXAMINATION - BRIAN THOMPSON

1    BY MR. CUTTING:

2         Q.    In response to that what did Mr. Dublino do?

3         A.    He sat down.

4              MR. CUTTING:  If you could pause it there.

5    BY MR. CUTTING:

6         Q.    What, if any, further direction did you give to

7    Mr. Dublino once he sat down on the floor in response to your

8    directive?

9         A.    I gave him a second order to lay face down.

10        Q.    And what did Mr. Dublino do at that point?

11        A.    He complied and laid down.

12        Q.    Okay.

13             MR. CUTTING:  If you could play it a little bit

14        forward, please.

15             (Whereupon, a video recording was then played.)

16   BY MR. CUTTING:

17        Q.    And at ten twenty-two forty-six you almost completely

18   disappear out of the frame, correct?

19        A.    Correct.

20        Q.    Looks like you're bent over?

21        A.    Yes.

22        Q.    What are you doing there?

23        A.    Just with my right hand I'm keeping him pinned to the

24   ground until the response team showed up.

25        Q.    And is he trying to get up from the floor at this

CROSS EXAMINATION - BRIAN THOMPSON

1    time?

2         A.    No.

3         Q.    Is he compliant with your orders at this time?

4         A.    Yes.

5               MR. CUTTING:  If you could play it forward a

6         little bit.

7               (Whereupon, a video recording was then played.)

8               MR. CUTTING:  If you can stop it there.  Thank

9         you.

10   BY MR. CUTTING:

11        Q.    Where are Mr. Dublino's hands positioned at this

12   point as the response team is fractions of seconds from

13   arriving?

14        A.    To be honest, I don't recall where his hands were.  I

15   don't remember.  I wasn't looking at his hands.  I was more

16   concentrated on keeping him pinned to the ground until the

17   response team showed up.

18        Q.    Okay.  But he is lying face down on the floor,

19   correct?

20        A.    Correct.

21        Q.    His hands are somewhere in the vicinity of the rest

22   of his body, correct?

23        A.    Correct.

24        Q.    You can't testify as to whether his hands were out in

25   front of him with his arms straight out, can you testify as to

CROSS EXAMINATION - BRIAN THOMPSON

1       did, he restrained him, your client was compliant.  And

2       there's another group of deputies coming.  Make it

3       relevant.

4   BY MR. CUTTING:

5       Q.   Mr. Dublino's face down on the floor and compliant

6  with your directive and you're keeping one hand on him at this

7  point?

8       A.   Correct.

9       Q.   To make sure he didn't move from where you told him

10  to lay down, correct?

11      A.   Correct.

12      Q.   And you testified that in your left hand you have

13  Billy, the narcotics detection dog, on a leash held behind you?

14      A.   Correct.  He's on the side of me, over here.

15          MR. CUTTING:  If you could play that forward

16  slowly, Mr. Bussi.

17          (Whereupon, a video recording was then played.)

18          MR. CUTTING:  If you could pause it there.

19      Deputy Thompson, how many individuals are in that

20  response team in that hallway at ten twenty-two fifty?

21          MR. BUSSI:  Judge, I'm going to renew my

22  objection to relevance.  I believe we're getting far

23  astray from the incident at hand.  Again, he's asking the

24  witness questions about him complying with the directive

25  after the incident.  This is nothing related to what









08.09.2018 12:27







## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )

)ss.:

COUNTY OF __ERIE__ )

I, _____MARK DUBLINO_____, swear under the penalty of perjury that:

On the __21st__ day of __OCTOBER__, 20 __22__, I placed and submitted a true and exact copy of

the following documents:  MARK THOMAS DUBLINO v. JUSTIN BIEGAJ et. al.

DOCKET NUMBER 22-198

1. THE PLAINTIFF BRIEFS WITH SUPPORTING DOCUMENTS

NOTE: DUE TO THE LIMIT OF SIZE & WEIGHT OF ENVELOPE; THE BRIEFS ARE MAILED

TO THE US. COURT OF APPEALS FOR THE SECOND CIRCUIT IN (2) ENVELOPES (ORIGINAL & 3 COPIES)

in a properly sealed post-paid wrapper, and deposited same in an official depository, designated for outgoing

mail at the Wende Correctional Facility, to be delivered by the United States Postal Service to the following

parties:

UNITED STATES COURT OF APPEALS (2nd CIRCUIT)          DEPARTMENT OF LAW

U.S. COURT HOUSE, 40 FOLEY SQUEARE                    95 FRANKLIN STREET  RM 1634

NEW YORK, NEW YORK    10007                           BUFFALO, NEW YORK   14202

COREY L WAINWRIGHT
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01WA6438278
Qualified in Erie County
My Commission Expires August 8, 20__

Respectfully submitted,

Sworn to before me this

__21__ day of __October__, 20 __22__

Pro se

NOTARY PUBLIC

Wende Correctional Facility

3040 Wende Road

Alden, New York 14004-1187

LEGAL MAIL Jan 21, 2022

MARK DUBLINO
INMATE NAME/NUMBER
18-B-0793

AVENUE CORRECTIONAL FACILITY
3040 WENDE RD., PO BOX 1187
ALDEN, NY 14004-1187

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
UNITED STATES COURT HOUSE
40 FOLEY SQUARE
NEW YORK, N.Y. 10007

CORR FAC



ENDE CORRECTIONAL FACILITY
40 WENDE RD., PO BOX 1187
DEN, NY 14004-1187

MARK DOBUSO
INMATE NAME/NUMBER
13-B-0793

LEGAL MAIL July 21 2022
PACKET ONE OF TWO

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
UNITED STATES COURT HOUSE
40 FOLEY SQUARE
NEW YORK, N.Y. 1000?

