UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
40 FOLEY SQUARE
NEW YORK, N.Y. 10007                    AUGUST 29th 2023

                RE: MARK THOMAS DUBLINO v. JUSTIN BIEGAJ, et al.,
                    APPEAL   CASE NUMBER 22-0198

DEAR CLERK OF THE COURT:

    THIS ADDITIONAL CORRESPONDENCE FROM THE PLAINTIFF-APPELLANT,
MARK THOMAS DUBLINO, IS TO CONFIRM, THAT HE HAS SUBMITTED THE
APPEAL BRIEFS WITHIN THE RULES OF THIS COURT, AND BEFORE THE
COURT DEADLINE, WHEN THE PARCELS WERE PLACED IN A MAILBOX BY
THE UNITED STATES POST OFFICE, AT THE WENDE CORRECTIONAL FACILITY,
ON THE 29th OF AUGUST 2023, BEFORE AUGUST 31st 2023. see:
FERNANDEZ v. ARTUZ: 402 F.3d 111 (2005)

    ALSO, THE PLAINTIFF-APPELLANT, STIPULATES, HE USED THE
CONFIDENTIAL APPENDIX'S (FILED UNDER SEAL) LABELED CA-1 THROUGH
CA-123, VOLUME ONE PAGES SA-1 THROUGH SA-292, VOLUME TWO PAGES
SA-293 THROUGH SA-425, THAT WERE PROVIDED TO THIS COURT BY THE
DEFENDANT'S- ATTORNEY ERIN E. MOLISANI, WHEN SHE SUBMITTED HER
FINAL BRIEFS. JANUARY 31st 2023.

    THE PLAINTIFF-APPELLANT, PROVIDED TWO ADDITIONAL EXIBITS, THAT
WERE NOT IN THE APPENDIX COPIES, AND ARE LABELED AS SUCH, THIS
COURT RECEIVED ONE ORIGINAL AND THREE COPIES OF HIS FINAL BRIEF,
WHILE THE DEFENDANT'S RECEIVED ONE COPY OF THE FINAL BRIEF AND THE
ADDITIONAL EXIBITS.

    PLEASE SEND ALL CORRESPONDENCES AND DECISIONS TO THE ADDRESS
LISTED BELOW, AND THANK YOU FOR YOUR CONSIDERATION OVER THE LAST
FIVE YEARS OF DELIBERATIONS.

                          RESPECTFULLY SUBMITTED,
                          MARK THOMAS DUBLINO, DIN 18-B-0793
                          WENDE CORRECTIONAL FACILITY
                          3040 WENDE ROAD
                          ALDEN, NEW YORK   14004

cc: DEPARTMENT OF LAW
    ERIN E. MOLISANI, esq.
    95 FRANKLIN STREET - RM 1634
    BUFFALO, NEW YORK  14202

# **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )

                )ss.:

COUNTY OF <u>ERIE</u> )


I, <u>   MARK THOMAS DUBLINO           </u>, swear under the penalty of perjury that:

On the <u>29th</u> day of <u>   AUGUST   </u>, 20<u> 23 </u>, I placed and submitted a true and exact copy of

the following documents: DOCKET # 22-198

     MARK THOMAS DUBLINO  v. SGT. JUSTIN BIEGAJ, et al.  APPEAL

<u>1) ONE ORIGINAL BRIEF, PLUS THREE EXACT COPIES, TWO EXIBITS 'A' & 'B'</u>

<u>   TO THE COURT OF APPEALS, 2) ONE COPY TO THE DEFENDANTS ATTORNEY</u>

<u>               OF EVERYTHING</u>

in a properly sealed post-paid wrapper, and deposited same in an official depository, designated for outgoing

mail at the Wende Correctional Facility, to be delivered by the United States Postal Service to the following

parties:

U.S. COURT OF APPEALS, SECOND CIRCUIT       DEPARTMENT OF LAW. ERIE COUNTY

40 FOLEY SQUARE                             95 FRANKLIN ST.  RM 1634

NEW YORK, N.Y.  10007                  BUFFALO, NEW YORK  14202


Sworn to before me this

<u>29</u> day of <u>August</u>, 20<u>23</u>

Respectfully submitted,

_MARK DUBLINO_ Pro se

Wende Correctional Facility

3040 Wende Road

Alden, New York 14004-1187

NOTARY PUBLIC

Benjamin A. Wilson
Notary Public, State of New York
Reg. No. 01WI6298376
Qualified in Erie County
Commission Expires 3/10/2026

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

MARK THOMAS DUBLINO,

                PLAINTIFF - APPELLANT        ORDER

                    v.                      DOCKET No.: 22-198

SGT. JUSTIN BIEGAJ, SGT. ROBERT DEE,

DEP. BRIAN THOMPSON, DEP FRANK GELSTER,

SGT. CROSS, SGT. ROBINSON, DEP. SHAWN WILSON,

DEP. P. GIARDINA,

                DEFENDANTS - APPELLEES,

BRIEF FOR PLAINTIFF - APPELLANT

                              MARK THOMAS DUBLINO, DIN 18-B-0793

                              WENDE CORRECTIONAL FACILITY

                              3040 WENDE ROAD

                              ALDEN, NEW YORK  14004

TO: DEPARTMENT OF LAW, ERIE COUNTY

    ERIN MOLISANI, esq.

    ATTY FOR DEFENDANTS

    95 FRANKLIN STREET, ROOM 1634

    BUFFALO, NEW YORK  14202

## TABLE OF CONTENTS

| | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| JURISDICTION STATEMENT | 1 |
| QUESTIONS OF ISSUES PRESENTED FOR REVIEW | 2 |
| STATEMENT OF THE CASE | 2 - 3 |
| ARGUMENT ONE | 3 - 5 |
| ARGUMENT TWO | 6 |
| CONCLUSION | 6-7 |
| PRINTING CERTIFICATE OF COMPLIANCE | 7 |
| EXIBIT 'A' (ONE COPY) DISCIPLINARY REPORT MARCH 9th 2018 | |
| EXIBIT 'B' (ONE COPY) SICK CALL REQUEST MARCH 10th 2018 | |

<u>TABLE OF AUTHORITIES</u>

| CASES | PAGES |
|---|---|
| U.S. CONST. - AMENDMENT # 8 | 1, 2, 6 |
| U.S. CONST. - AMENDMENT # 14 | 1, 6 |
| 42 U.S.C. § 1983 | 1, 6 |
| 28 U.S.C. §§ 1331 & 1343 | 1 |
| 28 U.S.C. § 1291 | 1 |
| PLRA ACT OF 1995 § 101(a), 42 U.S.C.A. § 1997(a) | 2, 6 |
| WOLF v. McDONNELL: 418 US 539, 94 S.CT. 2963, 41 L3d 2d 935 | 2 |
| CORRECTIONAL LAW 137 (5) | 2 |
| JONES v. WESTCHESTER COUNTY, SGT ODDES et.al.182 F.SUPP 3d 134(2016) | 3 |
| CONSTANT v. PRACK: 16-cv-03985 | 3 |
| FABRICIO v. ANNUCCI: 790-FED. APPX 308 NOV.6 2019 | 3 |
| ROMANO v. ULRICH: 2022 WL 4241361 (2d Cir SEPT 15 2022) | 3, 6 |
| ROSS v. BLAKE: 578 U.S. 632 (2016) | 5 |
| RUCKER v. GIFFEN: 997 F.3d 88 (2nd Cir 2021) | 5 |
| NEW YORK STATE CONST. ART 1 § 11 | 6 |
| BENJAMIN v. FRASER: 343 F3d 35 49 (2nd Cir 2003) | 6 |
| CAIOZZO v. KOREMAN: 581 F 3d 63 72 (2nd Cir 2009) | 6, 7 |
| CANO: 119 F.SUPP. 3d @ 72 | 7 |
| WALKER: 717 F. 3d @ 125) | 7 |
| FARMER v. BRENNAN: 511 US 825 836-37; 114 S.CT. 1970; 128 L.ED. 2d. 811 (1994) | 7 |

## PRELIMINARY STATEMENT

THE PLAINTIFF - APPELLANT, MARK THOMAS DUBLINO, IS APPEALING THE DECISION
AND ORDER, BY HON. DAVID G. LARIMER, ON JANUARY 18th 2022,(DATED); AND THE PLAIN-
TIFF - APPELLANT STIPULATES THAT THE RECORD AND EVIDENCE WHICH THE DEFENDANTS
ATTORNEY, ERIN MOLISANI PROVIDED TO THE COURT WITH HER BRIEFS WILL BE REFERENCED
BY THE PLAINTIFF-APPELLANT THROUGHOUT THIS BRIEF BELOW AND OTHER SUPPORTING
DOCUMENTS REGARDING THIS APPEAL WILL BE LABELED AS SUCH, AGAINST THE DEFENDANTS -
APPELLEES, SGT. JUSTIN BIEGAJ, SGT. ROBERT DEE, DEP. BRIAN THOMPSON, DEP. FRANK
GELSTER, SGT. CROSS, SGT. ROBINSON, DEP. SHAWN WILSON, AND DEP. P. GIARDINA,
SEE: SA-8, #83, DECISION AND ORDER, FILED ON JANUARY 31st 2022, WHERE THE DISTRICT
COURT GRANTED DEFENDANTS SUMMARY JUDGMENT ON THE ISSUE OF FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES, AND DID NOT CONSIDER THE EXTENUATING CIRCUSTANCES ON
WHETHER THE ADMINISTRATIVE REMEDIES WERE AVAILABLE AT ALL FOR THE PLAINTIFF -
APPELLANT, WHEN EXCESSIVE FORCE WAS USED ON A PERSON HELD IN CUSTODY, BEFORE
SENTENCING, AND WHERE THE SENTENCING COURT VIOLATED NUMEROUS CONSTITUTIONAL
RIGHTS WHEN THE PLAINTIFF - APPELLANT WAS HELD IN CUSTODY AWAITING HIS TRIAL,
ALL OF WHICH ARE STILL IN THE DIRECT APPEAL STAGES, AND WILL BE REVERSED ON LAW
ONCE THE APPELLATE COURT DIVISION - FOURTH DEPARTMENT REVIEWS THE PROOF IN THE
PERFECTED BRIEFS, SEE: SA-106, VIDEO OF THE ALLEGED EXCESSIVE FORCE AT THE ERIE
COUNTY HOLDING CENTER, 8th & 14th AMENDMENT VIOLATIONS, AND ACCORDINGLY OTHER
DEPRIVATIONS THAT PREVENTED THE DEFENDANT - APPELLANT FROM RECEIVING THE "FAIR
DUE PROCESS" ON ANY ALLEGED DISCIPLINARY REPORT MADE AGAINST A PERSON HELD IN
CUSTODY, ALONG WITH INDEPENDENT MEDICAL MEDICAL EXAMINATIONS OUTSIDE THE E.C.H..C.
CAN AND WILL PROVEN IN TRIAL SETTING

## JURISDICTION STATEMENT

PLAINTIFF IN THIS ACTION ASSERTED CLAIMS PURSUANT TO 42 U.S.C. §
1983, AND SUBJECT-MATTER JURISDICTION EXISTS PURSUANT TO 28 U.S.C. §§
1331 AND 1343. THIS COURT HAS JURISDICTION TO HEAR PLAINTIFF'S APPEAL PURSUANT TO
28 U.S.C. §§ 1291, AS THE DECISION BEING APPEALED IS A FINAL ORDER AND JUDGMENT
WITHOUT PREJUDICE.

Pg. ONE OF SEVEN

QUESTIONS OF ISSUES PRESENTED FOR REVIEW

1)  WERE THE DEFENDANTS ENTITLED TO SUMMARY JUDGMENT, WHERE THE PLAINTIFF DID NOT GRIEVE THE ALLEGED EXCESSIVE FORCE UNDER THE PRISON LITIGATION REFORM ACT OF 1995, § 101(a), 42 U.S.C.A. § 1997 e(a), IF EXHAUSTION REMEDIES ARE NOT AVAILABLE?

2)  WHETHER THE PLAINTIFF'S PROCEDURAL ARGUMENTS ARE SUPPORTED WITH PROOF AND PRESERVED FOR JUDICIAL REVIEW?

3)  WHETHER THE EXCESSIVE FORCE CLAIMS MADE AGAINST THE OFFICER'S SURVIVE THE COURTS GUIDELINES FOR A CLAIM UNDER § 1983, CONSTITUTIONAL VIOLATIONS UNDER THE 8th AND 14th AMENDMENTS ?

STATEMENT OF CASE

THE PLAINTIFF WAS HELD IN CUSTODY AT THE ERIE COUNTY HOLDING CENTER (E.C.H.C.) @ 40 DELAWARE AVENUE, BUFFALO, NEW YORK 14202, FROM JUNE 7th 2016 THROUGH MARCH 23rd 2018, THE DATE, TIME OF THE ALLEGED INCIDENT WAS ON MARCH 9th 2016, SEE: EXIBIT 'A' DISCIPLINARY REPORT MADE BY DEPUTY CLARK SALTZ, OF THE SHERIFF'S OFFICE - JAIL MANAGEMENT DIVISION IN THIS ALLEGED DISCIPLINARY REPORT, THE PLAINTIFF WAS NEVER ADVISED OF THE RIGHT'S WITH REGARD TO THE DISCIPLINARY PROCESS, IN THE SECTION OF THE REPORT "INMATES RECEIPT" A COPY WAS NEVER PRESENTED A COPY OF THE DISCIPLINARY CHARGES FILED AGAINST THE PLAINTIFF, PROOF OF THIS IS REFLECTED IN THAT NO INMATE SIGNATURE WAS MADE BY PLAINTIFF OR A REFUSAL MADE BY PLAINTIFF TO SIGN RECEIPT AND A WITNESS SIGNATURE TO CONFIRM THE REFUSAL MADE BY PLAINTIFF TO SIGN RECEIPT AND WITNESS SIGNATURE TO CONFIRM THE REFUSAL, IS IN ITSELF A "DUE PROCESS VIOLATION" SEE: WOLF v. McDONNELL: 418 US 539, 94 S.CT 2963, 41 L.3d 2d 935 (&) CORRECTION LAW 137 (5) "NO INCARCERATED INDIVIDUAL IN THE CARE CUSTODY OF THE DEPARTMENT SHALL BE SUBJECTED TO AN OFFICER WHO INFLICTS ANY BLOWS WHATEVER UPON ANY INCARCERATED INDIVIDUAL, UNLESS IN SELF DEFENSE, OR TO SUPRESS A REVOLT OR INSURRECTION." NOTE: DEFENDANT'S ATTORNEY, ERIN MOLISANI FAILED TO INCLUDE THIS EXIBIT AT SA-45 AND FAILED TO INCLUDE EXIBIT 'B' SICK CALL REQUEST MADE ON MARCH 10th 2018 @ 10:20pm. WHERE OTHER'S WERE AT CA-27, SICK CALL 11:30am; & AT CA-41, 11:45pm

Pg. Two of SEVEN

EACH SICK CALL REQUEST REPORT EXPLAINED IN DETAIL THE REASON FOR THE REQUEST, WHEN THE PLAINTIFF RECEIVED VARIOUS INJURIES FROM STAFF OFFICERS AND A SERVICE DOG. NOTE: THE PLAINTIFF NEVER RECEIVED INDEPENDENT MEDICAL ATTENTION (AT A HOSPITAL)OUTSIDE (E.C.H.C.); THE MEDICAL STAFF AT THE (E.C.H.C.) WERE REQUIRED TO GIVE INDEPENDANT MEDICAL EVALUATION WHEN IT INVOLVES A DOG BITE, YET WAS PLACED IN SEGREGATED HOUSING, WHERE SURVEILLANCE CAMERA'S ARE PRESENT FOR THE TRANSPARENCY ON ANY ALLEGED INCIDENTS INVOLVING INMATES, THE VIDEO AND/OR AUDIO RECORDINGS WERE NEVER PRESERVED OR SAVED, BY OFFICERS AT THE (E.C.H.C.)

DURING THE TRIAL, DEPUTY BRIAN THOMPSON, THE FIRST ARRIVING OFFICER TO THE SCENE, TESTIFIED WHEN HE FIRST ARRIVED TO THE ATTORNEY CONFERENCE ROOM, THAT THE PLAINTIFF WAS STANDING AWAY MR. TERRANOVA, ON THE OTHER SIDE OF THE TABLE, WITH HIS BACK FACING THE INMATE ACCESS DOOR, WHO LOOKED CALM AND NOTHING STOOD OUT, THAT THE DOOR OPENED, IS WHEN HE GRABBED THE PLAINTIFF'S SHIRT AND GAVE ORDERS TO SIT DOWN ON THE FLOOR, THEN TO LAY FACE DOWN IN THE PRONE POSITION, ON BOTH ORDERS THE PLAINTIFF COMPLIED WITHOUT RESISTENCE. SEE: SA-106, VIDEO OF ALLEGED INCIDENT, WHERE DESPITE COMPLETE COMPLIANCE WITH DEPUTY THOMPSONS ORDERS, OTHER OFFICERS (SEVEN IN TOTAL) JUMPED ON TOP OF THE PLAINTIFF, WHILE ANOTHER (SEVEN OFFICERS STOOD BYE BLOCKING THE LIMITED CAMERA ANGLE OF THE HALLWAY, WHEN THE EXCESSIVE FORCE WAS BEING APPLIED TO THE PLAINTIFF, ADDITIONAL EXCESSIVE FORCE WAS USED ON THE PLAINTIFF, IN HALL CORIDORS AND ELEVATORS TO THE INFIRMARY, AND IN FRONT OF THE MEDICAL STAFF, SEE: SA-15, SA-16, SA-17, SA-18, SA-19, SA-22, AND SA-23, PHOTO'S OF THE ABOVE MENTIONED DESCRIPTION. ALSO SEE: JONES v. WESTERCHESTER COUNTY, SGT. ODDES et.al.,: 182 F.SUPP 3d 134, SEPT 30 2016, AND CONSTANT v. PRACK: 16-cv-03985; AND FABRICIO v. ANNUCCI: 790-FED. APPX. 308 NOV. 6th 2019.

## ARGUMENT ONE

THE PLAINTIFF'S INABILITY TO EXHAUST ADMINISTRATIVE REMEDIES UNDER THE PLRA ACT, WAS DUE TO THE UNAVAILABILITY TO UTILIZE THE GRIEVANCE SYSTEM DURING THE PERIOD WITHIN WHICH A GRIEVANCE MUST BE FILED, SEE: ANTHONY ROMANO v. KEVIN ULRICH, et.al.,: 2022 WL 4241361 (2d CIR. SEPT 15th 2022); WHICH WAS THE THIRD DECISION FINDING THAT A MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES MUST BE DENIED,

A)  THE PLAINTIFF DEPOSED, ON HIS DEPOSITION BY ERIN MOLISANI, THAT HE WAS NEVER ISSUED HIS PROPERTY (PEN OR PAPER) WHEN HE WAS PLACED IN ADMINISTRATIVE SEGREGATION. SEE: SA-102, PLAINTIFF ADDRESSES THIS ISSUE.

B)  THE PLAINTIFF DEPOSED, THAT THE ONLY REASON WHY HE WAS ABLE TO SUBMIT MEDICAL SICK CALLS, WAS DUE TO THE ASSITANCE OF AN ADJACENT CELL, WHERE THAT INMATE LOANED ME A PEN, AND REQUESTED THE SICK CALL REQUESTS, THEN SLIDING THEM OVER TO MY CELL LOCATION. ONCE THE OFFICERS FOUND OUT HOW I WAS SUBMITTING THE SICK CALLS, THEY WARNED AND THREATENED THE INMATE TO STOP HANDING THE PEN OVER TO MY CELL, OR HE WOULD BE IN TROUBLE.  SEE: SA-100 - SA-101, EXPLAINING THIS ISSUE.

C)  AFTER NUMEROUS REQUESTS BY THE PLAINTIFF, TO BE INDEPENDENTLY EXAMINED BY A MEDICAL STAFF OUTSIDE THE (E.C.H.C.); ON MARCH 16th 2018, THE PLAINTIFF, STILL WITH MEDICAL INJURIES, THAT WERE NOT TREATED, BY THE MEDICAL STAFF AT (E.C.H.C) CAUSED SELF HARM TO HIMSELF IN ORDER TO BE REMOVED FROM THE (E.C.H.C.) AND THEN TREATED AT A LOCAL HOSPITAL, USED HIS RAZOR BLADE TO CUT HIS LEFT WRIST, SEE: CA-73

D)  THE PLAINTIFF, WAS HANDCUFFED BY MULTIPLE OFFICERS FROM BEHIND, WHILE STILL BLEEDING, WAS MEDICALLY SEALED WITH GLUE, SO THEY COULD TAKE MYSELF TO COURT, NOT THE HOSPITAL,  SEE: CA-73

E)  THE PLAINTIFF, WAS NOW HOUSED WITHOUT CLOTHING (JUST A SMOCK) AND NO BLANKET, DESPITE WHAT THE MEDICAL STAFF REPORTED, SEE: CA-79

F)  THE PLAINTIFF REMAINED UNDER MEDICAL WATCH WITHOUT PEN OR PAPER, WHERE OFFICERS WOULD NOT PROVIDE ANYTHING TO ME, EXCEPT COLD FOOD, UNTIL MARCH 23rd 2018, WHEN I WAS MOVED TO A COURT APPEARANCE FOR SENTENCING, AND IMMEDIATELY TRANSFERRED TO THE ELMIRA CORRECTIONAL FACILITY, FROM THE COURT ROOM.

G)  THE DEFENDANTS RELIED EXCLUSIVELY ON EXIBIT: SA-391, IN THAT I HAD THE OPPORTUNITY TO GRIEVE THE ALLEGED INCIDENT ON MARCH 9th 2018, NOTE: THIS COPY IS NOT AN ORIGINAL, AND IF THE ORIGINAL IS PRODUCED, IT WILL PROVE THIS DOCUMENT WAS TAMPERED WITH, IT WAS WRITTEN ON MARCH 9th 2018, AND HANDED IN BEFORE I WENT TO THE ATTORNEY'S ROOM, FOR THE VISIT BY JOSEPH TERRANOVA. IF YOU LOOK

CLOSELY AT THE DOCUMENT, IT STATES AS OF 3/9/18, THE PARCEL DID NOT REACH THE

DESTINATION, BECAUSE I CALLED THE PARTY WHO WAS EXPECTING TO RECEIVE THE PARCEL,

AND THE CALL WAS MADE EARLY AROUND 9:00am., THE OTHER ISSUE PRESENTED CONCERNED

THE ACTION REQUESTED, THE YEAR 2018 IS WRITTEN WITH A SPACE BEFORE IT, AND THE

DATE AND TIME LISTED UNDERNEATH IT, ALSO THE INK ON THE DOCUMENT WAS DARKER FOR

THE YEAR 2018 AND MARCH 11th 3:00pm.,  AND WITH THIS SAID, THE AUTHENTICATION OF

THIS DOCUMENT IS IN QUESTION, DUE TO THE FACT, OF MY DEPOSITION, I HAD NO PEN OR

PAPER, WHILE I WAS HOUSED IN THE SEGREGATION UNITS, WHICH HAD SURVEILLANCE CAMERAS

AND COULD HAVE CONFIRMED THE ACTIVITY OF THE SAID DOCUMENT IF THE E.C.H.C. STAFF

OFFICER'S PROPERLY SAVED ALL POTENTIAL DISCOVERY EVIDENCE,

H)  THE ONLY OTHER TIME, I HAD THE USE OF A PEN, WAS TO SIGN A MEDICAL FORM,

SEE: CA-29 AND CA-104, WHERE I SIGNED FROM THE PEN GIVEN TO ME, BUT THEN TAKEN

BACK, BY THE MEDICAL PROVIDER

I)  THE FOLLOWING CASES APPLY TO THE PLAINTIFF - APPELLANT, WHERE IN THE UNITED

STATES COURT, IN ROSS v. BLAKE: 578 U.S. 632 (2016) HOLDING THAT INCARCERATED

PLAINTIFFS MUST EXHAUST THEIR ADMINISTRATIVE REMEDIES EXCEPT WHEN THE REMEDIES

ARE NOT ACTUALLY AVAILABLE, BUT REJECTED THE SECOND CIRCUIT'S "SPECIAL CIRCUM-

STANCES" EXCEPTIONS TO THE EXHAUSTION REQUIREMENT.  AND SEE: RUCKER v. GIFFEN:

997 F.3d 88 (2nd Cir. 2021): THE COURT HELD THAT ADMINISTRATIVE REMEDIES ARE UN-

AVAILABLE WHEN, 1) AN INCARCERATED INDIVIDUAL'S FAILURE TO FILE A GRIEVANCE WITHIN

THE TIME ALLOWED RESULTS FROM A MEDICAL CONDITION, AND 2) THE GRIEVANCE SYSTEM

DOES NOT ACCOMODATE THE CONDITION BY ALLOWING A REASONABLE OPPORTUNITY TO FILE

FOR ADMINISTRATIVE RELIEF,  AND IN ROMANO, DECIDED IN SEPTEMBER 2022, THE COURT

CONSIDERED THE SITUATION WHERE AN INCARCERATED INDIVIDUAL FAILS TO FILE THE

GRIEVANCE DURING THE FINAL EIGHT DAYS OF THE PERIOD FOR DOING SO BECAUSE HE WAS

TRANSFERRED WITHOUT NOTICE, AND IN THE PLAINTIFF'S CASE MARK THOMAS DUBLINO, HE

WAS MOVED OUT OF THE (E.C.H.C.) TO (DOCCS) WITHIN (14) DAYS, THE LAST (7) DAYS,

UNDER MEDICAL SUICIDE WATCH, AND WITH NO MEANS TO ADDRESS THE ALLEGED INCIDENT,

THROUGH THE GRIEVANCE PROCESS, SEE: CA-87-88; CA-98-99; CA-114; CA-120

## ARGUMENT TWO

THE DEFENDANT'S NEVER PRODUCED EXIBIT 'A' DURING DISCOVERY OBLIGATIONS,
IT WAS PRODUCED DURING TRIAL DISCOVERY OBLIGATIONS, IT'S CLEAR IN THE REPORT,
INMATES RECEIPT SECTION "I HAVE BEEN ADVISED OF MY RIGHT'S WITH REGARD TO THE
DISCIPLINARY PROCESS AND HAVE BEEN PROVIDED WITH A WRITTEN COPY OF THE DIS-
CIPLINARY CHARGES FILED AGAINST ME" THE INMATE SIGNATURE AND DATE WERE LEFT
BLANK, BECAUSE NO OFFICER WITNESSED THE REFUSED TO SIGN RECEIPT, VIOLATES THE
DEFENDANT'S "DUE PROCESS RIGHT'S" TO BE HEARD, BEFORE BEING CHARGED IN THE
COURT OF LAW U.S. CONST. AMEND. 14 AND NEW YORK STATE CONST. ART. 1 § 11

## CONCLUSION

THE PRISON LITIGATION REFORM ACT (PLRA) IS DESIGNED TO CORRECT AN INSTI-
TUTIONAL ISSUE AND THAT ALL PERSONS HELD IN CUSTODY BE AFFORDED AN AVENUE TO BE
HEARD, U.S. CONST. AMEND 8 & 14, USCA § 1983 CIVIL RIGHTS OF INSTITUTIONAL
PERSONS ACT § 7(a) AS AMENDED, 42 USCA § 1997 e(a), IN THIS CASE EXHAUSTION
REMEDIES WERE NOT AVAILABLE, SEE: ANTHONY ROMANO v. KEVIN ULRICH, et.al., 2022
WL 4241361 (2d Cir SEPT 15 2022); THE PLAINTIFF DID NOT RECEIVE A INTERNAL
DISCIPLINARY HEARING OR EVEN RECEIVED THE REPORT WITH THE ALLEGATIONS AND CHARGES
PERTAINING TO THE ALLEGED INCIDENT, ADDITIONALLY AN INMATES RIGHT TO CALL WITNESSES
AT SUCH HEARING IS GOVERNED BY 7 NYCRR 254.5(a) "THE INMATE MAY CALL WITNESSES"
"IF PERMISSION TO CALL WITNESSES IS DENIED, THE HEARING OFFICER SHALL GIVE THE
INMATE A WRITTEN STATEMENT, STATING THE REASONS FOR THE DENIAL, INCLUDING THE
SPECIFIC THREAT TO THE INSTITUTIONAL SAFETY OR HOUSING GOALS PRESENTED."

A PRETRIAL DETAINEE'S CLAIMS OF UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT
ARE GOVERNED BY THE "DUE PROCESS CLAUSE OF THE 8tH AMENDMENT, SEE: BENJAMIN v.
FRASER: 343 F. 3d 35 49 (2d CIR 2003) RELYING ON CAIOZZO v. KOREMAN: 581 F 3d 63
72 (2d CIR 2009) THE DISTRICT COURT CONCLUDED THAT THE ELEMENTS FOR ESTABLISHING
ANY DELIBERATE INDIFFERENCE UNDER THE 14tH AMENDMENT, WERE THE SAME AS UNDER THE
8tH AMENDMENT

Pg. Six of Seven

SEE: CANO: 119 F.SUPP 3d @72 (CITING CAIOZZO: 581 F 3d. @ 72) PLAINTIFF WAS
REQUIRED TO PROVE (1) OBJECTIVELY, THE DEPRIVATION SUFFERED WAS SUFFICIENTLY
SERIOUS THAT HE WAS DENIED THE MINIMAL CIVILIZED MEASURE OF LIFE'S NECESSITIES
AND (2) SUBJECTIVELY, THE PLAINTIFF WAS BY THE DEFENDANT, AN OFFICIAL ACTED
WITH DELIBERATE INDIFFERENCE OF SUFFICIENT CULPABLE STATE OF MIND, SUCH AS TO
HEALTH AND SAFETY id @ 73 (QUOTING, WALKER: 717 F 3d @ 125), THE SUPREME COURT
HAS INSTRUCTED THAT "DELIBERATE INDIFFERENCE" ROUGHLY MEANS "RECKLESSNESS" CAN
BE DEFINED SUBJECTIVELY (WHAT A PERSON ACTUALLY KNEW AND DISREGARDED) OR OBJECTLY
(WHAT A REASONABLE PERSON KNEW OR SHOULD HAVE KNOWN) SEE: FARMER v. BRENNAN:
511 US 825 836-37; 114 S.CT 1970; 128 L.ED 2d 811 (1994) IN THIS CASE THE PLAIN-
TIFF SUFFICIENTLY EXPLAINED AND PRESENTED SOLID EVIDENCE AND WITH THE STIPULATION
THAT THE DEFENDANT'S COUNSEL PROVIDED MOST OF THE DISCOVERY, REVIEWED FOR THESE
PROCEEDINGS, TO REVERSE THE LOWER COURTS DECISION ON THIS MATTER, AND ANY OTHER
FURTHER RELIEF THIS COURT DEEMS, JUST, FAIR AND EQUITABLE.

DATED: AUGUST 29th 2023
ERIE COUNTY, NEW YORK

RESPECTFULLY SUBMITTED,
MARK THOMAS DUBLINO, DIN 18-B-0793
WENDE CORRECTIONAL FACILITY
3040 WENDE ROAD
ALDEN, NEW YORK 14004

## CERTIFICATE OF COMPLIANCE

PURSUANT TO RULE 32(a) OF THE FEDERAL RULES OF APPELLATE
PROCEDURE, MARK THOMAS DUBLINO, PLAINTIFF - APPELLANT, HEREBY
CERTIFIES THAT ACCORDING TO MY COUNT, THE BRIEF CONTAINS 1,625
WORDS CONTAINED IN THE BRIEF AND COMPLIES WITH DOUBLE SPACING
AND TYPEFACE REQUIREMENTS AND LENGTH LIMITS OF RULE 32(a)(5)-(7)

DATED: AUGUST 29th 2023
ERIE COUNTY, NEW YORK

MARK THOMAS DUBLINO
WENDE CORRECTIONAL FACILITY
3040 WENDE ROAD
ALDEN, NEW YORK 14004

Pg. SEVEN OF SEVEN

Exhibit 'A'

## ERIE COUNTY SHERIFF'S OFFICE – JAIL MANAGEMENT DIVISION
# DISCIPLINARY REPORT

| Inmate Name | ICN# | H.U. # | Date of Report |
|---|---|---|---|
| DiBLINO, MARK | 147472 | ENE 58 | 3-9-18 |
| **Location of Offense** | **Date/Time of Offense** | **Incident #** | **Reporting Officer** |
| ATTORNEY VISIT ROOM #3 | 3-9-18 / 1020 | | Clark Saltz |

| CHARGE# | OFFENSE | CLASS |
|---|---|---|
| 101-2 A | ASSAULT | A |
| 106 A | DISORDERLY CONDUCT | A |
| 106 B | DISORDERLY CONDUCT | B |
| 107 | DISRUPTING FACILITY OPERATIONS | A |

### NARRATIVE

On March 9, 2018 at approx 1020 I was working the visit control booth when I heard a disturbance from Room 3. I did witness DiBlino assault attorney Terrenova with his fists. DiBlino struck him several times causing injury to face. DiBlinos actions did disrupt normal operations to respond to this assault.

Under penalty of perjury, I attest that the above
Statements are true to the best of my knowledge and belief.

_Clark Saltz_  | 1087 | 3-9-18
Signature of reporting Officer | Badge # | Date

| **Inmate's Receipt** | **Waiver** |
|---|---|
| I have been advised of my rights with regard to the disciplinary process and have been provided with a written copy of the disciplinary charges filed against me. | I understand that I am entitled to a minimum of 24 hours to prepare a defense, prior to any disciplinary proceeding. I voluntarily waive that right and request that my hearing be held at the next scheduled meeting of the Disciplinary Committee |
| _____  _____ <br> Inmate's signature          Date <br><br> ☐ Inmate refused to sign receipt_____ <br> Witness signature | _____          _____ <br> Inmate's Signature          Date |

### SUPERVISOR'S REVIEW

This report meets the standards for disciplinary reports as established by the Jail Management Division of the Erie County Sheriff's Office.
☑ Forward to the Disciplinary Committee     _____ J.73     3-9-18
Signature of Reviewing Supervisor          Date

### NOTIFICATION OF INMATE'S RIGHTS

- You will be given an opportunity to be heard in your own behalf.
- You will be provided with a minimum of 24 hours in which you may prepare a defense and present it to the Disciplinary Committee. You may submit a written statement, which will be maintained as part of the record. You may request that witnesses be called to testify, or to submit written statements on your behalf.
- You will receive written notice of the decision of the Disciplinary Committee.
- You may appeal the decision of the Disciplinary Committee, in writing within 2 business days, to the Chief of Operations.
- If you refuse to attend your Disciplinary Hearing, the hearing will be held without you being present. Your refusal to attend may result in the forfeiture of your right to appeal the Committee's decision. (Watson V. Coughlin 517 N.Y.S.2d 620 [A.D. 1987])

ECHC 18(11/01)

EXBT 'B'

Erie County Department of Health (ECDOH)     Division of Public & Correctional Health

# SICK CALL REQUEST

**INMATE SECTION: (Inmate to complete this section only)**
*Preso seccion:        (El preso,(La presa) a completer esta seccion)*

**Last name:** ___Dublino___     **First name:** ___MARK___     **ICN:** ___157472___
*Apellido*                        *Primer Nombre*                  *Preso No. Correccional*

**D.O.B.:** __12/6/63__   **Sex:** ☐M  ☐F   **Location:** _____   **Location:**
*Fecha de nacimiento*   *Sexo Hombre  Mujer*   *Ubicacion*

**Date of Request:** _3/10/22_   **Time of Request:** _10:20 pm_ (hrs)
*Fecha de solicitud*            *Tiempo de solicitud*

**Reason for Request:** On 3/7/22 an officer took care in the lower
*Razon de solicitud*   visit and humour. I do not resist and brought in
handcuffs from the doctor/ambulance. I was instructed to go to the
ground. I do. I was then maced by both officers and a doc.
I was arrested, too many slipped on kicked and punched. For
a time my breathing was restricted, so the call is around not
around instead orders to cuff her me, they moved the my around
my cuffs backwards this was while I held. This was criticial so
then at around 10pm. I did no use only this time then they
threatened. I told I have tattoos to my back and lower back
with RSD. This failure to refuse me medical attention at a
correctional hospital. They did I'm abusing and I am with my
... just as arresting me then moving about and shackled all moving
... without pain

**TRIAGE SECTION:** Triaged By: _____

Disposition:

*Date/Time Received*

☐ Immediate Evaluation

☐ Sick Call     (Priority  ☐ 1   ☐ 2   ☐ 3 )

☐ Dental Referral

☐ RN Assessment (face to face)

☐ Referral to Forensics/Mental Health

☐ No Provider Visit Necessary (Needs comment)

_____
_____
_____
_____
_____
_____
_____
_____
_____

**COMPLETION:** Date: ____/____/____   Time: _____ (hrs)

Print Name: _____   Signature: _____
Page 1 of 1                          Form CH-19 Sick Call Request Form (Rev. 05/07/12)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

MARK THOMAS DUBLINO
PLAINTIFF-APPELLANT

v.

SGT. JUSTIN BIEGAS, SGT. ROBERT DEE
DEP. BRIAN THOMPSON, DEP. FRANK GELSTER
SGT. CROSS, SGT. ROBINSON, DEP. SHAWN WILSON
DEP. D'GIARDINA

**CERTIFICATE OF SERVICE***

Docket Number: 22-198

I, MARK DUBLINO, hereby certify under penalty of perjury that
(print name)

on AUGUST 29TH 2023, I served a copy of ONE ORIGINAL BRIEF AND THREE
(date)
EXACT COPIES OF BRIEF TO THE COURT, PLUS TWO ATTACHMENTS 'A' & 'B'
(list all documents) ONE COPY OF EVERYTHING
TO DEFENDANT'S ATTORNEY

by (select all applicable)**

___ Personal Delivery ✗ United States Mail ___ Federal Express or other Overnight Courier

___ Commercial Carrier ___ E-Mail (on consent)

on the following parties: DEPARTMENT OF LAW
ERIN MOLISANI 95 FRANKLIN ST. RM 1634 BUFFALO NY 14202

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|

CLERK. OF UNITED STATES COURT OF APPEALS 2ND CIRCUIT 40 FOLEY SQ NY, NY 10007

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

AUGUST 29th 2023
Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)

WENDE CORRECTIONAL FACILITY
3040 WENDE RD., PO BOX 1187
ALDEN, NY 14004-1187

MARK DUBLINO
INMATE NAME/NUMBER



UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
CLERK OF THE COURT
40 FOLEY SQUARE
NEW YORK, NEW YORK 10007