# 22-0198

United States Court of Appeals

*for the*

## Second Circuit

MARK THOMAS DUBLINO,

*Plaintiff-Appellant,*

– v. –

SGT. JUSTIN BIEGAJ, SGT. ROBERT DEE, DEP. BRIAN THOMPSON,
DEP. FRANK GELSTER, SGT. CROSS, SGT. ROBINSON,
DEPT. P. GIARDINA, DEPT. SHAWN WILSON,

*Defendants-Appellees,*

and

C.O. VINCENT TERRANA,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## SUPPLEMENTAL BRIEF FOR DEFENDANTS-APPELLEES

ERIE COUNTY DEPARTMENT OF LAW
Erin Molisani, Esq.
*Attorneys for Defendants-Appellees*
95 Franklin Street, Room 1634
Buffalo, New York 14202
(716) 858-2216

COUNSEL PRESS  (800) 4-APPEAL • (512946)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ii

PRELIMINARY STATEMENT .........................................................................1

JURISDICTIONAL STATEMENT .....................................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .................................1

STATEMENT OF CASE .....................................................................................1

SUMMARY OF SUPPLEMENTAL ARGUMENT ............................................2

ARGUMENT .......................................................................................................2

    STANDARD OF REVIEW .......................................................................2

    POINT I: PLAINTIFF HAS NOT RAISED A TRIABLE ISSUE OF FACT AS TO THE AVAILABILITY OF THE GRIEVANCE PROCESS ................2

    POINT II: PLAINTIFF'S ARGUMENTS ABOUT THE DISCIPLINARY CHARGES AND CONDITIONS OF CONFINEMENT ARE IRRELEVANT AND NOT PRESERVED FOR REVIEW ....................................................4

    POINT III: THE COURT MAY ALSO OPT TO AFFIRM THE DISTRICT COURT ON OTHER BASES FOR WHICH THERE IS SUPPORT IN THE RECORD ...................................................................................................5

CONCLUSION ....................................................................................................6

CERTIFICATE OF COMPLIANCE ...................................................................7

# **TABLE OF AUTHORITIES**

Statutes

9 CRR-NY § 7032.4.................................................................................................. 4

42 U.S.C. § 1997 ...................................................................................................... 2

Caselaw

*Eastman Kodak Co. v. STWB, Inc.,* 452 F.3d 215 (2d Cir. 2006) .................... 5

*Romano v. Ulrich*, 49 F.4th 148 (2d Cir. 2022).................................................. 3-4

*Ross v. Blake,* 578 U.S. 632 (2016) ...................................................................... 3

## PRELIMINARY STATEMENT

Defendants-appellees Sgt. Justin Biegaj, Sgt. Robert Dee, Dep. Brian Thompson, Dep. Frank Gelster, Sgt. Cross, Sgt. Robinson, Dep. Shawn Wilson, and Dep. P. Giardina (hereinafter "defendants") respectfully submit this Supplemental Brief in response to plaintiff-appellant's (hereinafter "plaintiff") amended brief (Doc. No. 100). Defendants continue to offer the arguments set forth in their original brief (Doc. No. 75) and offer the arguments set forth below in response to those points plaintiff raised in his amended brief. As set forth below and in defendants' original brief, defendants respectfully ask that the decision granting summary judgment and dismissing the Amended Complaint be affirmed.

## JURISDICTIONAL STATEMENT

The jurisdictional statement is set forth in defendants' original brief (Doc. No. 75).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

The statement of issues presented for review is set forth in defendants' original brief (Doc. No. 75).

## STATEMENT OF CASE

The statement of case is set forth in defendants' original brief (Doc. No. 75).

1

## SUMMARY OF SUPPLEMENTAL ARGUMENT

Plaintiff's amended brief fails to provide any basis to reverse the District Court's decision. Plaintiff has failed to raise a triable issue of fact regarding the availability of administrative remedies. He also raises arguments, again, not contained in the Amended Complaint at all, much less presented in opposition to defendants' dispositive motion. Those arguments are therefore not properly before this Court, and defendants ask that they be disregarded. Furthermore, defendants ask this Court to affirm the dismissal of the Amended Complaint, or grant summary judgment on any of the bases presented to the lower Court for which there is support in the record.

## ARGUMENT

### STANDARD OF REVIEW

The standard of review is as set forth in defendants' original brief (Doc. No. 75).

### POINT I

**PLAINTIFF HAS NOT RAISED A TRIABLE ISSUE OF FACT AS TO THE AVAILABILITY OF THE GRIEVANCE PROCESS**

As set forth in defendants' original brief, plaintiff was required to exhaust his administrative remedies prior to filing the instant lawsuit. *See* 42 U.S.C. § 1997e(a).

2

This requirement may be excused where the process was unavailable to plaintiff. *Ross v. Blake,* 578 U.S. 632 (2016).

Defendants' argument to the lower Court, and here, is that plaintiff cannot claim that the grievance process was unavailable when he submitted a grievance on a separate, unrelated issue two days after the subject incident (SA-388 – SA-396). The grievance he did submit, dated March 11, 2018, concerned mail and postage. For some unknown reason, plaintiff's position is that the grievance process was available for the mail issue, but not the alleged excessive force. Plaintiff's amended brief, at "argument one," argues at once that he was never provided pen or paper, and also that he was only able to use a pen for a sick call request (Doc. No. 100, p. 9 as numbered by the Court).

In the same argument, plaintiff for unclear reasons argues about his medical care at the Erie County Holding Center (Doc. No. 100, p. 9 as numbered by the Court). The only cogent point made is that plaintiff was transferred to a local hospital on March 16, 2018. *Id*. To the extent plaintiff is attempting to liken his situation with that presented in the case he cites, *Romano v. Ulrich*, 49 F.4th 148 (2d Cir. 2022), this argument fails. Unlike plaintiff here, the plaintiff in *Romano* was transferred out of the prison <u>without notice</u> and <u>prior</u> to the expiration of the deadline by which to file a grievance. *Id*. at 157. Here, as plaintiff states in his amended brief, "On March 16, 2018, the plaintiff, still with medical injuries, that were not treated, by the

3

medical staff at (E.C.H.C.) caused self harm to himself in order to be removed from the (E.C.H.C.) and then treated at a local hospital, used his razor blade to cut his left wrist" (Doc. No. 100, p. 9 as numbered by the Court). Moreover, unlike the situation presented in *Romano*, the deadline to file a grievance relative to the events of March 9, 2018 was March 14, 2018. *See* 9 CRR-NY § 7032.4(d). Therefore, by the time plaintiff orchestrated his transfer out of the jail on March 16, 2018, the deadline to file a grievance had already passed. *Romano* therefore does not help plaintiff's position.

Plaintiff attempts to undercut the genuineness of the unrelated mail grievance, but he cannot raise a triable issue of fact in this regard where he has already admitted the grievance was genuine (Doc. No. 100, p. 9 as numbered by the Court; SA-388 – SA-396).

In short, plaintiff's amended brief does not change the conclusion to be drawn from this case that summary judgment was properly granted.

## POINT II

### PLAINTIFF'S ARGUMENTS ABOUT THE DISCIPLINARY CHARGES AND CONDITIONS OF CONFINEMENT ARE IRRELEVANT AND NOT PRESERVED FOR REVIEW

At "Argument two" and "Conclusion" of his amended brief, plaintiff argues that the disciplinary charges levied against him as a result of assaulting his attorney were violations of his due process (Doc. No. 100, p. 11 as numbered by the Court).

4

This is irrelevant to the alleged excessive force. Not only is there no due process violation claim in the Amended Complaint, even if there were, this argument was not preserved for appeal. *Eastman Kodak Co. v. STWB, Inc.,* 452 F.3d 215, 221 (2d Cir. 2006)("[T]his court ordinarily will not hear arguments not made to the district court.").

Similarly, the "Conclusion" of plaintiff's brief discusses conditions of confinement (Doc. No. 100, pp. 11-12 as numbered by the Court). Again, there is no conditions of confinement claim made in the Amended Complaint, nor was this argument raised to the trial Court. This argument must be disregarded as irrelevant and unpreserved.

## POINT III

### THE COURT MAY ALSO OPT TO AFFIRM THE DISTRICT COURT ON OTHER BASES FOR WHICH THERE IS SUPPORT IN THE RECORD

The additional bases not relied upon by the District Court in granting defendants' motion, but that this Court may rely upon based on the evidence in the record to support those findings, are as set forth in defendant's original brief (Doc. No. 75).

## **CONCLUSION**

Defendants respectfully request that this Court affirm the decision of the District Court, and grant them summary judgment dismissing the Amended Complaint in its entirety.

Dated:       October 17, 2023
                Buffalo, New York       **JEREMY C. TOTH**
                                           *Erie County Attorney*

                                           By:   *s/ Erin E. Molisani*
                                           Erin E. Molisani
                                           Assistant County Attorney
                                           95 Franklin Street, Room 1634
                                           Buffalo, New York 14202
                                           Telephone: (716) 858-2216
                                           Email: erin.molisani@erie.gov

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, Erin E. Molisani, Assistant County Attorney to Jeremy C. Toth, Erie County Attorney, hereby certifies that according to the word count feature of the word processing program used to prepare this Reply Brief, the brief contains 1,213 words and complies with the typeface requirements and length limits of Rule 32(a)(5)-(7).

Dated:     October 17, 2023
              Buffalo, New York     **JEREMY C. TOTH**
                                           *Erie County Attorney*

                                           By: *Erin E. Molisani*
                                           Erin E. Molisani
                                           Assistant County Attorney
                                           95 Franklin Street, Room 1634
                                           Buffalo, New York 14202
                                           Telephone: (716) 858-2216
                                           Email: erin.molisani@erie.gov