22-198-pr
*Dublino v. Biegaj*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-four.

PRESENT:
        ROBERT D. SACK,
        REENA RAGGI,
        JOSEPH F. BIANCO,
            *Circuit Judges.*

---

MARK THOMAS DUBLINO,

        *Plaintiff-Appellant*,

        v.                                         22-198-pr

SGT. JUSTIN BIEGAJ, SGT. ROBERT DEE,
DEP. BRIAN THOMPSON, DEP. FRANK
GELSTER, SGT. CROSS, SGT. ROBINSON,
DEPT. P. GIARDINA, DEPT. SHAWN WILSON,

        *Defendants-Appellees*,

C.O. VINCENT TERRANA,

        *Defendant*.

---

FOR PLAINTIFF-APPELLANT:         Mark Thomas Dublino, *pro se*, Alden, New York.

FOR DEFENDANTS-APPELLEES:   Erin Molisani, Assistant County Attorney, *for* Erie County Department of Law, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on January 19, 2022, is **AFFIRMED**.

Plaintiff Mark Dublino, a prisoner suing *pro se*, appeals from an award of summary judgment in favor of defendants, officers at the Erie County Holding Center ("ECHC") in Buffalo, New York, on his Eighth Amendment claims pursuant to 42 U.S.C. § 1983, on grounds of failure to exhaust administrative remedies. Dublino alleged that, on March 9, 2018, defendants subjected him to excessive force and denied him medical treatment in the aftermath. After discovery and motions practice, for which Dublino was represented by temporary *pro bono* counsel, the district court concluded that Dublino failed to exhaust the available administrative remedies in connection with this incident, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and had not established a genuine issue of material fact as to whether the grievance process was available to him; the district court granted summary judgment to defendants on that basis. *See Dublino v. Biegaj*, No. 19-CV-6269L, 2022 WL 170407 (W.D.N.Y. Jan. 18, 2022).

"We review a district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). We also conduct *de novo* review of "a district court's ruling on whether a plaintiff has exhausted administrative remedies under the PLRA." *Romano*

2

*v. Ulrich*, 49 F.4th 148, 152–53 (2d Cir. 2022). Moreover, although we "liberally construe pleadings and briefs submitted by pro se litigants" to "raise the strongest arguments they suggest," *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (internal quotation marks and citation omitted), a party cannot defeat a motion for summary judgment with "conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks and citation omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

The PLRA mandates that inmates in correctional facilities exhaust administrative remedies before filing suit under Section 1983. *See* 42 U.S.C. § 1997e(a); *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 453 (2d Cir. 2022); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (applying exhaustion requirement to excessive-force claims). Exhaustion entails full compliance with the facility's grievance procedure and with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). However, an inmate need only exhaust those administrative remedies available to him or her. *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative remedy is unavailable when (1) it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Saeli*, 36 F.4th at 453 (internal quotation marks and citation omitted).

Dublino does not dispute that a grievance process existed. Instead, he contends that administrative remedies were unavailable to him because ECHC staff denied him access to pens

3

and grievance forms following the March 9 incident, when he was transferred to "keeplock status" at ECHC without access to his personal property. Special App'x at 13. However, Dublino conceded in a sworn admission that he was able to file a grievance about a separate mail issue two days after the March 9 incident on March 11, using a pen and grievance form. More specifically, in response to a defense request for admission, Dublino's counsel conceded, *inter alia*: (1) that an exhibit consisting of the March 11 grievance form was "genuine[]"; (2) that the exhibit was "a grievance written by plaintiff"; and (3) that the exhibit "was submitted . . . on March 11, 2018 at 3:00 p.m." Special App'x at 394. Dublino's counsel further noted that the exhibit was "the second part of a formal grievance that [Dublino] started before March 9, 2018." *Id*. Dublino personally signed an accompanying declaration confirming these admissions. *Id*. at 396. The copy of the grievance form and Dublino's admissions regarding it thus demonstrate that the grievance process was available to him on, at the very latest, March 11.

These admissions contradicted Dublino's deposition testimony that he never received or submitted a grievance form at any point in the two weeks after March 9, 2018. Dublino did not put forth any evidence below that adequately explained how the grievance process, including access to a pen and blank grievance form, was available to him for his March 11 grievance about his mail, but not the March 9 incident or the alleged failure to provide medical treatment in its aftermath. The grievance form itself does not state that forms are limited to a single issue and appears to account for the possibility of containing grievances on multiple issues because a grievance can be accepted in part and denied in part.

Although we construe Dublino's arguments liberally and view the evidence in the light most favorable to him, Dublino did not "come forward with specific evidence demonstrating the

existence of a *genuine* dispute" regarding the availability of the grievance process. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (emphasis added). His conclusory assertion during his deposition and in his summary judgment briefing that the grievance process was unavailable to him for the March 9 incident does not create a dispute of material fact that precludes summary judgment because defendants offered unrebutted evidence that he was able to file a grievance, on a grievance form with a pen, on March 11 while he remained in keeplock. *See Saeli*, 36 F.4th at 457 (no reasonable factfinder could conclude that the plaintiff inmate completed the grievance process in a timely manner where his testimony was incompatible with the information on the documentation and his other statements); *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 102–03 (2d Cir. 2020) (holding that plaintiff's deposition testimony could not defeat summary judgment when it contradicted his sworn affidavit).

We also decline to consider Dublino's contention, raised for the first time on appeal and in tension with his sworn admission below, that the March 11 grievance was not genuine or was drafted in its totality before the March 9 incident at the heart of his claims. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (declining to consider argument not raised in district court when litigant had "ample incentive" to raise it below).

\* \* \*

We have considered Dublino's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court